**Office of Disciplinary Counsel v. Lawless**

PER CURIAM, *J.*, June 25, 2015—Pursuant to Rule 208(h)(1) of the Pennsylvania Rules of Disciplinary Enforcement, this designated member of The Disciplinary

Board of the Supreme Court of Pennsylvania herewith submits a recommendation to your Honorable Court with respect to the Petition to Schedule a Probation Violation Hearing filed by Petitioner, Office of Disciplinary Counsel.

## I. HISTORY OF PROCEEDINGS

By Order dated March 31, 2014, the Supreme Court of Pennsylvania, upon consideration of the Recommendation of the Three-Member Panel of the Disciplinary Board dated January 13, 2014, granted the Joint Petition in Support of Discipline on Consent filed in the above-captioned matter on December 11, 2013, and ordered that Respondent, Joseph F. Lawless, Jr., was suspended on consent for a period of one year and one day, that the suspension be stayed in its entirety, and that Respondent be placed on probation for a period of two years, subject to certain conditions.

On April 13, 2015, Office of Disciplinary Counsel filed a Petition to Schedule a Probation Violation Hearing which alleged that Respondent violated the conditions of his probation by failing to maintain regular communications with his sobriety monitor, Richard H. LeFevre, Esquire. Petitioner requested that a Member of the Disciplinary Board be designated to hold a hearing as required by Rule 208(h), Pa.R.D.E., to determine whether Respondent's probation should be modified. This Petition was served on Respondent on April 7, 2015.

By letter of April 8, 2014 [sic], Respondent advised Petitioner that he had no opposition to the Petition, was not retaining counsel, and intended to fully cooperate with the Disciplinary Board.

A hearing was held on April 27, 2015, before Disciplinary Board Member James C. Haggerty, Esquire. The hearing was scheduled to begin at 10:00 a.m. Barbara Brigham Denys, Esquire appeared on behalf of Petitioner. Respondent did not appear at 10:00 a.m. Several telephone calls were placed to Respondent using the telephone number provided on Respondent's letterhead. Respondent did not answer; instead, a voice mail was reached and a message was left. Ms. Denys called Respondent on his cell phone number without success, as it was appearently disconnected. An email was sent to Respondent with no response. At 10:15 a.m., Respondent had not appeared. The hearing proceeded.

Petitioner presented Exhibits ODC-1, ODC-2 and ODC-3. Petitioner offered the testimony of Robert H. LeFevre, Esquire, Respondent's sobriety monitor, who testified by telephone. The hearing concluded at 10:55 a.m. and the record was closed.

By email dated April 30, 2015, Respondent requested that the record be reopened to allow him the opportunity to appear and testify. Petitioner opposed the request. After consideration, Board Member Haggerty denied the request to reopen the record.

## II. FINDINGS OF FACT

The Board Member makes the following findings:

1. Petitioner is Office of Disciplinary Counsel, whose principal office is situated at 601 Commonwealth Avenue, Suite 2700, Harrisburg, Pennsylvania 17106. Petitioner is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to

investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules.

2. Respondent is Joseph F. Lawless, Jr. He was admitted to the practice of law in Pennsylvania in 1976. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

3. On March 31, 2014, the Supreme Court of Pennsylvania ordered that Respondent be suspended on consent for one year and one day, with the suspension stayed in its entirety and probation imposed for a period of two years, subject to conditions. (ODC-1, Exh. A).

4. Among other things, the Court's Order required that Respondent abstain from alcohol, drugs or other mind-altering chemicals, maintain weekly telephone contact with a sobriety monitor and meet twice monthly with such monitor. (ODC-1, Exh. A)

5. Pursuant to the Court's Order and in accordance with the provisions of Disciplinary Board Rule 89.293(c) (dealing with substance abuse probation), Respondent was assigned a sobriety monitor, Richard H. LeFevre, Esquire, who, along with Respondent, was to file with the Secretary to the Board quarterly written reports concerning Respondent's probation. (ODC-1, Exh. B)

6. In Respondent's July 2014 quarterly report, Respondent reported that he had not met with Mr. LeFevre twice monthly and that he had not maintained weekly telephone contact with Mr. LeFevre during that quarter.

Respondent acknowledged that he had not complied with the conditions of his probation and stated that he "resolved to more assiduously comply with the communication component with [his] sobriety monitor moving forward." (ODC-1, Exhibit E).

7. Mr. Lefevre reported to the Disciplinary Board in his July 10, 2014 quarterly report that he had warned Respondent on May 30, 2014, that he was non-compliant with the conditions of his probation and stated a concern that he did not think Respondent was "taking this seriously." (ODC-1, Exh. F)

8. In Respondent's October 2014 quarterly report, Respondent claimed an inability to provide all dates of his meetings and telephone contacts with Mr. LeFevre due to a "computer crash." Respondent acknowledged in that report that there may have been a month when he met with Mr. LeFevre only once. (ODC-1, Exh. E)

9. By Mr. Lefevre's January 8, 2015 quarterly report, and his February 9, 2015 supplemental report, Mr. LeFevre informed the Disciplinary Board that he had not heard from Respondent since December 29, 2014. (ODC-1, Exh. D)

10. In Mr. Lefevre's January 8, 2015 quarterly report, he reported concerns that Respondent had had no contact with him in any way for approximately three weeks (from December 4, 2014, to Christmas 2014), and that Respondent merely said "I'm sorry, I know I missed a couple of weeks," when Respondent did call on December 29, 2014. (ODC-1, Exh.D)

11. Mr. LeFevre also noted in his January 8, 2015 quarterly report that Respondent had not met with him at

least twice monthly during that quarter, explaining that Respondent "state[d] that he is traveling frequently which impairs his ability to meet." (ODC-1, Exh. D).

12. The February 9, 2015 supplemental report indicated Mr. Lefevre's concerns due to Respondent's "total lack of contact." Mr. LeFevre reported having no contact with Respondent since December 29, 2014, despite having left messages for Respondent on February 3, 2015 and February 9, 2015. (ODC-1, Exh. D)

13. Mr. LeFevre also reported in his February 9, 2015 supplemental report that a fellow attorney and member of Lawyers Concerned for Lawyers had reported to him an inability to reach Respondent by telephone. (ODC-1, Exh. D)

14. Mr. Lefevre testified at the April 27, 2015 hearing, essentially in accordance with the filed quarterly reports.

15. Mr. LeFevre indicated that throughout the time period that he served as Respondent's sobriety monitor, Respondent "never really hit all the items he needed to." (N.T. 16)

16. Mr. LeFevre spoke to Respondent early on about his concerns, and while Mr. Lefevre indicated that Respondent did make more of an effort, at a certain point Respondent's communication diminished and then stopped altogether. (N.T. 16-17)

17. The last time Mr. LeFevre had a conversation with Respondent was on December 29, 2014. In Mr. Lefevre's opinion, Respondent was "very cavalier" about missing so many calls. (N.T. 19)

18. Since December 29, 2014, Mr. LeFevre has had one instance of contact with Respondent. This occurred by Respondent's voicemail left on Mr. LeFevre's telephone on April 18, 2015. In that voice mail, Respondent stated that he had relapsed but that he "hadn't had a drink in five days" (N.T. 22).

19. Mr. LeFevre returned Respondent's call and left a voicemail message, but never heard from Respondent. (N.T. 22)

20. Mr. LeFevre is unaware of whether Respondent is practicing law at this time. (N.T. 23)

21. Respondent was served with the Petition to Schedule Probation Violation Hearing by personal service on April 7, 2015. Respondent received notice of the hearing scheduled for April 27, 2015 by letter of the Secretary to the Board dated April 16, 2015, sent certified and first class mail.

22. Respondent did not appear for the hearing on April 27, 2015.

### III. CONCLUSIONS OF LAW

By his conduct as set forth above, Respondent violated the terms and conditions of his probation.

### IV. DISCUSSION

The evidence of record demonstrates that Respondent violated the terms and conditions of his court-ordered probation by failing to regularly communicate with his sobriety monitor. Pursuant to the Order of March 31, 2014, Respondent was directed to meet at least twice monthly

and maintain weekly telephone contact with Richard H. LeFevre, Esquire. By quarterly reports filed with the Secretary to the Board, Mr. LeFevre informed the Board that Respondent had failed to meet these conditions.

Specifically, by quarterly report of July 10, 2014, Mr. Lefevre noted that Respondent was non-compliant and that he believed Respondent was not taking his probation seriously. In the quarterly report of January 8, 2015 and supplemental report of February 9, 2015, Mr. LeFevre reported a lack of contact with Respondent for an extensive period of time.

Respondent self-reported his violations in the quarterly reports of July 2014 and October 2014. In these reports, he indicated a willingness to improve his efforts at communicating with Mr. LeFevre.

Mr. Lefevre's testimony was credible and persuasive. He noted that from the beginning of the probation period. Respondent never completely complied with all conditions of probation. Mr. Lefevre discussed his concerns with Respondent in May of 2014 and noted improvement on Respondent's part, but never full compliance. At a certain point, Mr. Lefevre stopped hearing from Respondent altogether. From December 4, 2014 to December 29, 2014, Respondent had no contact with Mr. Lefevre. There was contact on December 29, 2014, but Mr. Lefevre felt that Respondent's attitude regarding his significant lapse in communication was cavalier. After December 29, 2014 until April 18, 2015, Respondent had no contact with Mr. Lefevre. Mr. LeFevre attempted to contact Respondent on two occasions in February of 2015, with no success.

The April 18, 2015 voice mail from Respondent to Mr. Lefevre indicated that Respondent, by his own admission, had relapsed from his sobriety. Mr. Lefevre attempted to contact Respondent but was unsuccessful and has not had any communication with Respondent since that voicemail.

Violation of the terms of probation is a serious matter. In this case, Respondent has acknowledged his failure to comply with probation conditions, but has not shown a good faith effort to correct the issues preventing him from fulfilling these conditions. Although he advised Office of Disciplinary Counsel that he would not oppose the Petition and would cooperate, Respondent's failure to appear at the hearing on April 27, 2015 and offer some explanation for his actions and the intention to make improvements going forward, leaves the Board little choice but to recommend that the stay on the suspension be lifted and suspension imposed for one year and one day.[1] The Board's duty to the public is our paramount concern. *Office of Disciplinary Counsel v. Stern*, 526 A.2d 1180 (Pa. 1987). Respondent is not fit to practice law and must be removed from practice in order to prevent harm to the public.

## V. RECOMMENDATION

This Member respectfully recommends that the stay be lifted and Respondent, Joseph F. Lawless, Jr., be Suspended from the practice of law a period of one year and one day.

---

1. Respondent contacted the Board on Thursday, April 30, 2015, three days after the hearing was held, and indicated that due to illness, he was unable to attend the hearing or contact Petitioner or the Board regarding his inability to appear. He requested that the record be reopened; the request was denied.

352

It is further recommended that the additional expenses incurred in connection with the violation of probation proceeding should be paid by Respondent.

## ORDER

AND NOW, this 25th day of June, 2015, a Rule having been entered by this Court on May 18, 2015, pursuant to Pa.R.D.E. 208(h), directing Respondent to show cause why the Order of this Court entered on March 31, 2014, should not be modified so as to impose a one year and one day suspension as recommended by the Designated. Disciplinary Board Member and, upon consideration of the responses filed, it is hereby:

ORDERED that the Rule is made absolute; Respondent is suspended from the Bar of this Commonwealth for a period of one year and one day; and he shall comply with all the provisions of Pa.R.D.E. 217.

It is further ORDERED that Respondent shall pay the additional expenses incurred as a result of the revocation proceedings pursuant to Pa.R.D.E. 208(g).